**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

KYLAND CORPORATION, a Colorado corporation,

      Plaintiff,

v.

KYLAND-USA, LLC, a Missouri limited liability company,

      Defendant.

---

## COMPLAINT

---

Plaintiff Kyland Corporation, a Colorado corporation ("Plaintiff" or "Kyland"), for its complaint against Kyland-USA, LLC, a Missouri limited liability company ("Defendant"), states:

### I.  NATURE OF PROCEEDINGS

This is an action at law and in equity to remedy acts of, *inter alia*, false advertising and misrepresentation in commerce under the Lanham Act, deceptive trade practices, as well as copyright infringement arising from Defendant's use of Plaintiff's trademarks and copyrighted material.

Plaintiff seeks damages including actual, punitive and statutory damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits, the entry of a preliminary and permanent injunction, and its costs and attorneys' fees.

## II. PARTIES

1.      Plaintiff is a Colorado corporation with its place of business located at 14143 Denver West Parkway, Golden, Colorado 80401.

2.      Defendant is a Missouri limited liability company formed on September 21, 2009, with its principal place of business located at 1107 S.E. Willow Place, Blue Springs, Missouri 64014.

## III. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (action arising under any Act of Congress relating to trademarks); 28 U.S.C. § 1338(b) (action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws); 28 U.S.C. § 1338 (copyright infringement); 28 U.S.C. § 1332 (diversity); and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Plaintiff claims damages in excess of $75,000.00, exclusive of interest and costs.

5.      This Court has personal jurisdiction over the parties to this action.  Venue is proper in the United States District Court for the District of Colorado.  Defendant's trademark infringement has damaged a company whose business is located, in part, in Colorado.  Defendant has made significant sales to customers in Colorado.  The Defendant had actual notice that its use of Plaintiff's trademark was improper and was harming Plaintiff.  Damages and injury to Plaintiff is being suffered in Colorado.  Plaintiff and the Defendant each advertise over the Internet.  A customer searching for Plaintiff is likely to search for it by its trademark, "Kyland."  Because Defendant is using the mark extensively in its print and on-line advertising, in its trade

name and in its website domain name, the customer's search may yield Defendant's infringing webpage.  The customer is then likely to conclude that Defendant is the source of the mark and the products for which he or she is shopping.  This confusion is harmful to Plaintiff in Colorado in that it misleads potential customers and dilutes the strength of Plaintiff's mark and infringes its copyrights.

Jurisdiction over Defendant is therefore proper in Colorado based on the effects in Colorado of its conduct.  *See Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98, 100 S. Ct. 559, 567–68, 62 L. Ed. 2d 490 (1980)); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008); *Zippo Manuf. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).

### IV.  KYLAND'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

6.     Plaintiff Kyland is a wholly owned subsidiary of Kyland Technology Co., Ltd., which has been in the business of sales of Industrial Ethernet communication devices to consumers since 2003.  Plaintiff sells its products around the world.  Kyland Technology Co., Ltd. is a Chinese limited partnership ("Kyland-China").  Kyland has actual authority to prosecute the claims at issue in this Action.

7.     On May 27, 2008, Kyland-China registered KYLAND with the U.S. Patent Trademark Office under Registration Number 3436291 (the "Mark").  Attached as **Exhibit A** is a true and correct copy of the Registration.

8.     Kyland-China has been using the Mark continuously in business since 2003.

9.     In addition to its United States physical locations in Golden, Colorado, and San Ramon, California, Kyland-China is engaged in interstate commerce on the worldwide web

through its website www.kyland.com.  Both Kyland-China and Kyland utilize the website for advertisement and business promotion.

10.    The Kyland website, www.kyland.com, allows customers to search Kyland's inventory and research its products on-line.  Thus, Kyland-China is not located only in two states in the United States.  Rather, Kyland-China (and Kyland) has a presence in the worldwide market.  Even customers who do not have access to Kyland-China's physical locations have access to the Kyland products.

11.    Since 2003, Kyland-China has invested significant sums in advertising, marketing and promoting the Mark, including displaying its advertising and products at trade shows and conventions, as well as in advertisements and marketing through the Internet via its website located at "www.kyland.com," and in other forms of Internet advertising.

12.    Kyland-China has sold millions of dollars of products using the Mark.

13.    As a result of Kyland-China's extensive use of the Mark in advertising and promotional efforts as described above, the Mark is well-known and is recognized by customers worldwide as signifying and representing Kyland-China's business and high quality products.

14.    As a result of the advertising and expenditures previously described, Kyland-China has established considerable goodwill in the Mark, which is an invaluable asset of substantial and inestimable worth to Kyland-China.

### V. DEFENDANT'S BUSINESS

15.    Defendant has been in the business of selling computer-related products since approximately 2009.

16.     Kyland-China and the Defendant entered into a Distributor Agreement, which provided, *inter alia*, that Defendant would distribute Kyland-China's products for a period of twenty-four (24) months, or until the agreement was terminated.  A true and correct copy of the Distributor Agreement is attached as **Exhibit B**.

17.      Under the Distributor Agreement, Defendant was granted the non-exclusive right to use the Mark during the term of the Distributor Agreement; however, it was agreed that the Mark was the sole property of Kyland-China, and, upon termination of the Distributor Agreement, Defendant would cease all use of the Mark.  *Id*. at §§ 1(iii) (defining Trademark); 9 (intellectual property rights).

18.     On or about January 19, 2012, the Distributor Agreement was terminated by Kyland-China.

19.     At all times relevant hereto, Defendant maintains a website at www.kyland-usa.com.

20.     On the website, Defendant's advertisements use the Mark extensively.  Attached as **Exhibit C** are screenshots of the Defendant's website in which it uses the Mark or a mark confusingly similar thereto.

21.     Additionally, the Defendant's website advertises Kyland-China's products for sale using Kyland-China's copyrighted part names and numbers unique to its products, without authority to do so.

22.     Defendant's website similarly contains photographs and language "cut and pasted" from Kyland-China's website.

23.     Defendant additionally, upon information and belief, sells products which contain Kyland-China's copyrighted computer code.

24.     Despite repeated demand and in contravention of the express terms of the Distributor Agreement, Defendant has refused to cease and desist from its further use of the Kyland-China's Mark or those confusingly similar thereto, in its trade name ("Kyland-USA"), its website (www.kyland-usa.com), and in on-line and print advertising.

25.     Defendant sells similar products to Kyland-China and Kyland, in the same channels of interstate commerce as those used by Kyland-China and Kyland.

26.     The Defendant enters into contracts with foreign residents and transmits information and files over the Internet and through its website.

27.     The Defendant has at all times been aware of Kyland-China's Mark, as well as its registration with the U.S. Patent Trademark Office.

28.     On or about May 4, 2011, Defendant attempted to register "Kyland-USA" as a mark with the U.S.P.T.O., which application was denied on or about August 17, 2012, due to Kyland-China's preexisting Mark and the likelihood of confusion between the Mark and Defendant's requested mark.

29.     The Defendant has at all times been aware of Kyland's sales into and presence in Colorado, and, has itself sold significant amounts of products in Colorado, and in this manner, has purposely availed itself of the benefits of conducting business in Colorado, as well as has engaged in infringing conduct knowing the results of which would be experienced in Colorado.

30.     On November 11, 2014, Kyland, through its counsel, sent a letter to the Defendant setting forth Kyland-China's ownership and rights in the Mark and demanded that Defendant cease and desist from further use of the Mark or those confusingly similar thereto.

31.     Defendant failed to respond to the November 11, 2014 letter.

32.     Defendant's above-described conduct is continuing and is attended by circumstances of fraud, malice, or willful and wanton conduct, and committed with knowledge that such conduct was dangerous, done heedlessly and recklessly, without regard to the consequences, or the rights and safety of others, particularly Kyland-China and Kyland.  At a minimum, Defendant's acts are in reckless disregard of Kyland-China's rights and claims.

**FIRST CLAIM FOR RELIEF**
**(False Designation of Origin and False Representation (15 U.S.C. § 1125(a))**

33.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

34.     Defendant's activities constitute false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because the actions are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." *Id.*

35.     Defendant's acts of false representation and false advertising have caused Kyland-China and Plaintiff to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

36.     Defendant has engaged in and continues to engage in these activities knowingly, willfully, maliciously and deliberately, so as to justify the assessment of exemplary damages against Defendant, in an amount to be determined at the time of trial.

37.     Defendant's acts of false representation and false advertising, unless enjoined by this Court, will continue to cause Kyland-China and Plaintiff to sustain irreparable damage, loss, and injury, for which they have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(Trademark Infringement under 15 U.S.C. § 1114(1))**

38.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

39.     Defendant's use in commerce of the Mark or those confusingly similar thereto is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the advertisements and the Defendant's business are authorized by or are affiliated with Kyland-China and Plaintiff.

40.     Defendant's use of the Mark or those confusingly similar thereto is likely to cause initial interest confusion among the relevant public.

41.     The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. §1114(1), entitling Kyland-China and Plaintiff to relief.

42.     Defendant has unfairly profited from the infringing actions alleged.

43.     By reason of Defendant's acts, Kyland-China and Plaintiff have suffered damage to the goodwill associated with the Mark and has suffered irreparable harm.

44.     By reason of Defendant's acts, Kyland-China and Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by the Defendant.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

45.     By reason of Defendant's willful acts, Plaintiff is entitled to attorneys' fees, and damages; and that those damages be trebled under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
### (Accounting)

46.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

47.     Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all of the Defendant's profits that are attributable to its acts of infringement.

48.     Plaintiff is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages, sustained by virtue of Defendant's acts of infringement.

49.     The amount of money due from Defendant is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of its profits gained while using the Mark.

## FOURTH CLAIM FOR RELIEF
### (Imposition of a Constructive Trust upon Illegal Profits)

50.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

51.     Defendant's conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of false representations and deceptive business practices.

52.     By virtue of Defendant's wrongful conduct, Defendant has illegally received money and profits that rightfully belong to Plaintiff.

53.     Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

54.     Defendant holds the money and profits it has illegally received as constructive trustees for the benefit of Plaintiff.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

55.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

56.     Through its continuous use of the Mark in commerce since at least 2003, Kyland-China and Plaintiff have established common law trademark rights in the Mark.

57.     Defendant's use in commerce of the Mark or those confusingly similar thereto is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the advertisements and the Defendant's business are authorized by or are affiliated with Kyland-China and Plaintiff.

58.     Defendant's use of the Mark or those confusingly similar thereto is likely to cause initial interest confusion among the relevant public.

59.     The above-described acts of Defendant constitute common law trademark infringement, entitling Plaintiff to relief.

60.     Defendant has unfairly profited from the infringing actions alleged.

61.     By reason of Defendant's acts, Plaintiff has suffered damage to the goodwill associated with the Mark and has suffered irreparable harm.

62.     By reason of Defendant's acts, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by the Defendant.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

63.     By reason of Defendant's willful acts, Plaintiff is entitled to attorneys' fees, and damages; and that those damages be trebled.

## SIXTH CLAIM FOR RELIEF
### (Cybersquating Pursuant to 11 U.S.C. § 1125(d))

64.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

65.     Defendant's website ("www.kyland-usa.com") uses Plaintiff's Mark or one confusingly similar to the Mark, in its domain name.

66.     Plaintiff's Mark was either distinctive or famous at the time that Defendant registered the domain name.

67.     Because Defendant's limited right to use the Mark terminated at the expiry of the Distributor Agreement, and despite repeated demands to assign or otherwise end its use of the domain name, Defendant has a bad faith intent to profit from Plaintiff's Mark.

68.     Plaintiff has been damaged by Defendant's actions in an amount to be determined at trial.

69.     The Court should order that the Defendant transfer the Defendant's website domain name to Plaintiff pursuant to 11 U.S.C. § 1125(d)(1)(C).

## SEVENTH CLAIM FOR RELIEF
### (Copyright Infringement)

70.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

71.     Plaintiff has a protected copyright interest in its product names and part numbers, photographs and text of its website, as well as its computer code, of which it is the author.

72.     Defendant has willfully and knowingly copied and published Plaintiff's copyright protected parts names and part numbers, its photographs and website language on Defendant's website.

73.     Defendant, upon information and belief, has incorporated Plaintiff's computer code into Defendant's products.

74.     The Court should enjoin the Defendant from further display or use of the Plaintiff's copyrighted materials pending the outcome of the action pursuant to 17 U.S.C. § 502.

75.     As a result, Defendant has been damaged in an amount to be determined at trial and not less than Defendant's profits and/or the statutory minimum damages pursuant to 17 U.S.C. § 504.

76.     Plaintiff is further entitled to an award of its costs and attorneys fees pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF
### (Colorado Consumer Protection Act Pursuant to C.R.S. § 6-1-105)

77.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

78.     Defendant's acts of trademark and copyright infringement as described above constitute bad faith deceptive trade practices under Colorado Revised Statutes Section 6-1-105(1).

79.     Plaintiff's deceptive trade practices have a substantial impact on Colorado consumers, because the Defendant advertises extensively in and beyond Colorado using the Plaintiff's Mark and its copyrighted works in a manner likely to confuse Colorado consumers regarding the affiliation, connection or association of the Parties.

80.     Plaintiff has been damaged by Defendant's bad faith deceptive trade practices in an amount to be determined at trial, or, if no damages be proved, statutory damages, which actual damages should be trebled and costs and fees awarded pursuant to C.R.S. § 6-1-113(2)(a)-(b).

## NINTH CLAIM FOR RELIEF
### (Breach of Contract)

81.     Plaintiff incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

82.     The Distributor Agreement is a valid and binding contract.

83.     Plaintiff performed under the Distributor Agreement, or its performance was otherwise excused.

84.     Defendant breached the Distributor Agreement by, among other things, continuing to use Plaintiff's Mark after the termination of the Distributor Agreement.

85.     Defendant's breach of the Distributor Agreement has caused Plaintiff damages in an amount to be determined at trail.

**WHEREFORE**, Kyland Corporation prays for judgment against Kyland-USA, LLC as follows:

A.      That Defendant and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiff;

1.   using the Mark, any colorable imitations thereof, or any marks confusingly similar thereto; or

2.   attempting to register any colorable imitations of the Mark with the United States Patent and Trademark Office;

3.   using the Mark or any colorable imitations thereof, or any marks confusingly similar thereto in any domain or trade name; and

4.   using Plaintiff's computer code in any product.

B.      That Plaintiff be awarded damages including statutory treble damages and punitive damages in an amount to be determined at trial;

C.      That Plaintiff be awarded damages and restitution, in an amount to be determined at trial under 15 U.S.C. § 1117(a), for the total profits received by Defendant from, and any damages sustained by, Plaintiff as a result of Defendant's actions;

D.      That Plaintiff be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Defendant's false descriptions and representations, in an amount to be determined at trial;

E.      That Defendant be required to pay to Plaintiff such actual, statutory, and exemplary damages that it has sustained as a consequence of Defendant's willful and intentional unfair competition;

F.      That Defendant be ordered to transfer the "www.kyland-usa.com" domain name to Plaintiff;

G.      That Defendant be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendant's compliance with the requested injunctive and mandatory relief above;

H.      That Plaintiff be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a), 17 U.S.C. § 505 and C.R.S. § 6-1-113(2)(a)-(b);

I.      That a constructive trust be imposed on the illegal profits generated as a result of Defendant's wrongful conduct;

J.      That Plaintiff be awarded its actual, consequential and incidental damages for Defendant's breach of contract;

K.      That Plaintiff be awarded pre-judgment and post-judgment interest and its costs of the litigation; and

L.      That Plaintiff be awarded such other relief as the Court may deem just and proper.

Respectfully submitted this 7th day of October, 2015.

FAIRFIELD AND WOODS, P.C.


By:      *s/ Kieran A. Lasater*
         John M. Tanner
         Kieran A. Lasater
         1801 California Street, Suite 2600
         Denver, CO 80202
         Telephone:  (303) 830-2400
         Facsimile:  (303) 830-1033

ATTORNEYS FOR PLAINTIFF KYLAND
CORPORATION


Plaintiff's address:

14143 Denver West Parkway
Golden, Colorado 80401.