# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-02224-WJM-KMT

KYLAND TECHNOLOGY CO., LTD., a Chinese limited partnership,
   Plaintiffs and Counter-Defendant,

KYLAND CORPORATION, a Colorado corporation,
   Plaintiff and Counter-Defendant,

v.

KYLAND-USA, LLC, a Missouri limited liability company,
   Defendant and Counter-Plaintiff.

_____

## STIPULATED PROTECTIVE ORDER
_____

The Court, upon joint motion of Plaintiffs and Counter-Defendants Kyland Technology Co., Ltd. and Kyland-Corporation, and Defendant and Counter-Plaintiff Kyland-USA, LLC (together, the "Parties" and individually a "Party"), for entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case DOES ORDER:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. Information designated "Confidential" shall be information that is not available to the public and that the designating party (i) believes in good faith constitutes sensitive personal or commercial information or (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

3. Information designated "Highly Confidential – Attorneys' Eyes Only" shall be information that is not available to the public and that the designating party believes in good faith constitutes extremely sensitive information, the disclosure of which to another Party or non-party would create a substantial risk of competitive or business injury to the producing party.

4. "Protected Material" means "any information designated by a Party as Confidential or Highly Confidential – Attorneys' Eyes Only. All Protected Material must first be reviewed by a lawyer whose designation of the information as confidential shall constitute the lawyer's certification that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

5. Where documents including Protected Material are produced, provided or otherwise disclosed by a Party in response to any discovery request or otherwise, they shall be designated in the following manner:

a. By imprinting the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of the document produced or if the Protected Material is not in a format that can be easily designated "Confidential" or "Highly

Confidential – Attorneys' Eyes Only," the electronic file shall use the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the file name.

   b. By imprinting the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request.  Prior to designating any material as "Highly Confidential – Attorneys' Eyes Only," the producing Party will make a bona fide determination that the material is, in fact, of a confidential, proprietary or trade secret nature.

   c. With respect to transcribed testimony by deposition or otherwise, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" no later than fourteen (14) calendar days after the final transcript of the deposition has been received by the designating party, or by placing an appropriate statement on the record during a deposition, provided, however, that witness testimony specifically relating to any confidential financial record shall be deemed confidential, provided that such financial record continues to be Protected Material pursuant to this Protective Order.

   d. Any document produced by a third party may be designated as Protected Material by the Party claiming a protected interest in the Protected Material by sending a written notification to the counsel for the receiving Party identifying the document containing such Protected Material with particularity within fourteen (14) calendar days after the production of such document to the receiving Party.

   e. An inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, a

producing Party may notify the receiving Party in writing that the material is to be designated. Upon receipt of such notice, the receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. The designating Party shall provide substitute copies of documents bearing the appropriate confidentiality designation. Upon receiving substitute copies, the receiving Parties shall return or securely destroy, at the designating Party's option, all material that was not designated properly.

6. All Protected Material shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever.

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly to anyone other than as authorized in paragraphs 7 and 8, except for purposes of this case and unless an agreement in the form of Exhibit A has been signed.

7. Individuals authorized to review information designated as "Confidential" pursuant to this Protective Order shall include: (1) counsel for the Parties and staff employed by counsel and assisting with the litigation; (2) named Parties, and representatives of a corporate Party assisting with the litigation; (3) the Court and Court personnel as allowed or directed by the Court; (4) any mediator or settlement judge that may be retained by the Parties; (5) expert witnesses or consultants retained by the Parties; (6) witnesses to whom Confidential information is disclosed for purposes of testimony at deposition or trial or preparation for such testimony; and (7) stenographic reporters engaged for depositions or proceedings necessary to this action and

employees of outside copy services used to make copies of protected documents. All such qualified recipients shall hold Confidential information in confidence and shall not divulge the Confidential information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. Protected Material designated as "Highly Confidential – Attorneys' Eyes Only" may not be disclosed to any person other than (1) counsel for the parties and staff employed by counsel and assisting with the litigation; (2) the Court and Court personnel as allowed or directed by the Court; (3) any mediator or settlement judge that may be retained by the Parties; (4) expert witnesses or consultants retained by the Parties; (5) by prior agreement of the Parties or by order of the Court, witnesses for the purposes of testimony at deposition or trial or for preparation for deposition or trial; and (6) stenographic reporters engaged for depositions or proceedings necessary to this action and employees of outside copy services used to make copies of protected documents.

9. No attorney may disclose, discuss, disseminate or in any way divulge any Protected Material contained in, gleaned from or otherwise obtained from or by reference to documents designated as "Highly Confidential – Attorneys' Eyes Only" with the Parties or anyone else not entitled to see such documents pursuant to paragraph 8 of this Order. To the extent that counsel seeks to disclose documents designated as "Highly Confidential – Attorneys' Eyes Only" to anyone not referenced in paragraph 8 of this Order, Counsel will confer to determine whether an agreement can be reached regarding such desired disclosure. Any dispute regarding such desired disclosure that the Parties are unable to resolve shall comply with the procedures set forth in paragraph 14 of this Order.

10. The Party's counsel who discloses Protected Material shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Protected Material is disclosed and shall obtain and retain the original agreements signed by qualified recipients of Protected Material, and shall maintain a list of all persons to whom any Protected Material is disclosed.

11. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 10 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Protected Material and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

12. No copies of Protected Material shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

13. During the pendency of this litigation, counsel shall retain custody of Protected Material, and copies made therefrom pursuant to paragraph 12 above.

14. A Party may object to the designation of particular Protected Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, the Parties shall schedule a conference telephone conference with Magistrate Judge Tafoya to attempt to resolve the conflict. If the conflict remains following the telephone

conference, it shall be the obligation of the Party designating the information as Confidential or Highly Confidential – Attorneys' Eyes Only to make an appropriate motion within twenty (20) calendar days after the telephone conference with Judge Tafoya, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such motion is timely made, the disputed information shall be treated as designated by the disclosing Party under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential – Attorneys' Eyes Only and shall not thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only in accordance with this Protective Order. In connection with a motion made under this provision, the Party designating the information as Confidential or Highly Confidential – Attorneys' Eyes Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only.

15. In the event Protected Material is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. A Party wishing to file with the court any information designated as Protected Material by the opposing Party shall first confer with counsel for the designating Party. This Order is without prejudice to the rights of any Party to file any motions regarding the manner in which Protected Material may be used at trial. If the designating Party refuses to allow the information to be filed except under restricted access, the filing Party shall file the Protected Material as a Level 1

restricted document pursuant to D.C.COLO.L.Civ.R. 7.2(e), and it shall then be the burden of the designating Party to file a motion to restrict public access pursuant to D.C.COLO.L.Civ.R. 7.2(c).

16.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Material pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18.     If any Party, through inadvertence, produces any information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, common interest, or any other applicable privilege or immunity ("Privileged Material"), the producing Party may give written notice to the receiving Party that such Privileged Material is deemed privileged and that return of such Privileged Material is requested.  Upon receipt of such written notice, the receiving Party shall within three (3) business days gather the original and all copies of such Privileged Material of which the receiving Party is aware and shall immediately return the original and all such copies to the producing Party.  If the producing Party discovers that privileged, work-product, or otherwise protected information has been inadvertently produced based upon the receiving Party's use of such information during a deposition or hearing, the producing party may orally request the return of the information and that the receiving Party immediately cease examination or argument regarding the Privileged Material within the document.  Upon such an oral request, the receiving Party

shall (a) within three (3) business days return the information and all copies to the producing Party, and (b) immediately cease examination or argument regarding such Privileged Material information. The return of such Privileged Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Privileged Material on the basis that any privilege applicable thereto has been waived. However, the inadvertent production of privileged or otherwise protected material in the above-captioned action shall not be deemed—and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the information.

19. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to the above-captioned action.

20. Within 90 days of the termination of this litigation, including any appeals, each Party's counsel shall either destroy or return to the producing Party all Protected Material provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Upon request of the producing Party, counsel shall provide to the producing Party the list of individuals who have received Protected Material which counsel shall have maintained pursuant to paragraph 10 herein, and verification that any Confidential Information has been destroyed or returned to the producing Party.

21. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c)

or from filing a motion with respect to the manner in which Protected Material shall be treated during a deposition or at trial.

22.  If another court, agency, or person subpoenas or orders production of Protected Material that a Party has obtained under the terms of this Protective Order, such Party shall promptly notify the other Parties of such subpoena or order within three (3) business days of service of the subpoena or order.  The responsibility of the subpoenaed Party to protect the confidentiality of any Protected Material pursuant to this Protective Order shall be fulfilled upon the giving of the notice referenced herein.

DONE this 4th day of February, 2016.

BY THE COURT:

By: _____
Kathleen M. Tafoya
United States Magistrate Judge